## Shrout v. Ramsey's Exors., et al.

(Decided September 28, 1911.)

Appeal from Bath Circuit Court.

Wills—Consideration and Construction.—Testator's estate amounted to about $20,000. In clause one he provided: "Should my estate amount to more than would pay the sums herein devised, I wish all divises in money under the sum of $500.00 to be increased from such surplus pro rata as sums devised bear to the whole amount of such surplus, but if my estate should fail to amount to enough to pay as I have devised then all sums amounting to less than $500.00 shall be paid as devised, and all sums of $500.00 and over, shall be decreased in proportion to such decrease of my estate." Held, the general rule of construction of a will is to give a meaning to each part thereof and carry out the testator's intention. The will impresses one with the idea that the testator intended to prefer some devisees over others. This does not appear from the express language of the will but from the fact that he devised to some more than he did to others, but as he did this in unambiguous language we must presume that it expresses his intention.

JOHN F. McCARTNEY for appellant.

C. W. GOODPASTER, JOHN M. STEVENSON, HOWARD GUDGELL, W. S. GUDGELL, R. A. CHILES and J. J. LACY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

John Ramsey, who resided in Bath County, Kentucky, died in March, 1910, leaving a will which was probated shortly after his death. He left no kindred to take his estate by the law of descent, except appellant, Lutie Shrout, a daughter of his half brother. These facts are conceded. He stated in his will that his just debts should be paid and that $1,250 should be used for the purpose of placing a monument at his mother's grave and markers at the graves of other members of the family. He devised $1,000 to Lutie Shrout, appellant; $750 to his aunt, Leonora D. Barnes, and $500 each to C. W. Goodpaster, B. M. Goodpaster, E. H. Goodpaster, George Ramsey, Ed. Ramsey, Sudie Ecton and J. R. Brother; $1,000 to the Christian Church of Owingsville, Kentucky; to Jane Chenault and Mary Chiles $250 each; to the Masonic home located at Shelbyville, Kentucky, a like amount, to Louie Peters $100, to John Ramsey, Flora and Ramsey Cole Phelps $50 each, and made other devises each of which amounted to less than $500. He gave his Knight Templar sword and sword belt to Dr. Isaac W. Jones, and his Knight Templar watch and charm to Dr. A. W. Jones, his ivory gavel to Bath Lodge No. 55, F. & A. M. He devised his roll top desk and its contents and other small articles of property to Ene Brothers;

his office urn and field glasses to Mrs. J. J. Nesbitt; his Masonic ring to C. W. Honaker; his mother's silver to Lutie Shrout, appellant; his opal stick pin to Harry Ecton; his mirror and easel to Nora Owings, his silver, both plated and sterling, to be divided as nearly equal as possible among Sudie Ecton, Sarah Miller, Leo Ramsey and Miller Frank Ramsey; his cedar chest and contents he devised to Sudie Ecton; his gold watch to Ed. Ramsey and his diamond ring to Pearl Goodpaster. The last clause of the will is as follows:

"Anything omitted or not mentioned in this will and not specifically devised shall be divided as near equally as possible between Sudie Ecton, Sarah Miller and Leo and Miller Frank Ramsey."

The parties named in this clause claimed that under it the surplus of the estate after paying the specific devises, went to them, but the lower court decided against them; holding that the clause meant that the trinkets and mementoes not specifically devised, should go to them, from which ruling they do not appeal. Two other clauses of the will, which we will for our own convenience number one and two, are as follows:

"1. Should my estate amount to more than would pay the sums herein devised I wish all devises in money under the sum of five hundred dollars to be increased from such surplus pro rata as sums devised shall bear to whole amount of such surplus, but if my estate should fail to amount to enough to pay as I have devised, then all sums amounting to less than five hundred dollars shall be paid as devised and all sums five hundred dollars and over shall be decreased in proportion to such decrease of my estate.

"2. I hereby constitute and appoint J. R. Brother and E. H. Goodpaster executors of this my last will and confer on them the power to sell and convey any and all of my estate and convert same into money for the purpose of carrying this my will into effect, no bond shall be required of these executors as my confidence in them is full and complete, neither shall there be any appraisement of said estate."

It appears that the specific devises amounted to about $10,000; that the whole estate amounted to about $20,000, and appellant contends that clause one, above copied, is of no effect; that the surplus of the estate was undevised, and that she should receive it, as she is the

sole heir at law of John A. Ramsey. The lower court decided against her, and this is the only question for consideration on this appeal.

The testator's estate consisted of about $16,000 worth of real estate and the balance was personal property. Appellant's first contention is that testator failed to dispose of certain real estate consisting of a store house and other real property; that it was not considered in making the devises, and, therefore, passed to her as undevised property. She is not correct in this claim. It is evident from the will that Ramsey intended to dispose of all of his estate. By clause number two he empowered his executors to "sell and convey any or all" of his estate. As we understand appellant's counsel's contention, it is that the will shows clearly that Ramsey intended to prefer some of the named devisees by giving them larger sums than to others, to-wit: Those devised $500 and over, which intention will be defeated if clause one is valid, for under its terms those who were devised less than $500 will receive greater sums than most of the apparently preferred devisees. We are impressed, not from the language of the will alone, but from it and the value of the estate, which, it seems, Ramsey did not appreciate at the time he made his will, that his devisees will not share his estate in the proportions he probably thought they would. We are of the opinion, conceding the general tenor of the will and the afterwards ascertained value of the estate, that Ramsey thought the specific devises would about consume all of his estate, but provided in clause one, in case he was mistaken in this belief, that the surplus be divided among the devisees who had received less than $500, in proportion to the amount they had already received, to raise their shares to $500 each, and in case there was a deficit he desired it to be taken from those who had received $500 or more in proper portions. This is mere conjecture. It is not obtained from the words used in the will, but is in positive conflict with that part of the will which says:

"Should my estate amount to more than would pay the sums herein devised I wish all devises in money under the sum of five hundred dollars to be increased from such surplus."

This is positive and unambiguous language and disposes of all the surplus of the estate. He could not have used language to express his thought more clearly, and

we find no language in the will to conflict with it in any respect. There is no pretense that Ramsey was of unsound mind, nor is the will contested. The testator clearly had a right to dispose of his property as he wished, although the execution of the will might result in a division of the property somewhat unjustly in the minds of the heirs.

In the case of Allen v. Vanmeter's Devisees, 58 Ky., 276, the court considered a question as to whether parol testimony was admissible to aid the court in construing wills. It was decided that it could in certain cases, and continued as follows:

"But this extrinsic evidence must always be such as, in its nature and effect, simply explains what the testator has written, and not what he intended to have written. In other words, the question in expounding a will is not what the testator actually intended, as contradistinguished from his words expressed, but what is the meaning of the words he has used?  *  *  *  The inflexible rule of construction, therefore, demands that it should be interpreted in its strict and primary import, and in no other, although the most conclusive evidence of an intention to use it in a different sense may be tendered."

The general rule of construction is to give a meaning to each part of the will, if possible, and carry out the intention of the testator, and this intention, in so far as possible, should be learned from the will. The will under consideration impresses one with the idea that the testator intended to prefer some devisees over others. This does not appear, however, from the express language of the will, but from the fact that he devised some, more than he did others. But after creating this impression, he in clause one in positive language devised the surplus of his estate to those devisees receiving less than $500 under previous clauses. Ramsey had a right to place this clause in his will, and as he did it in unambiguous language we must presume that it expresses his intention.

For these reasons the judgment of the lower court is affirmed.